UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EDWARD SHAW,

  Plaintiff,

v.

CITY OF FERNDALE, CHIEF TIMOTHY
D. COLLINS, DETECTIVE JOHN THULL,
OFFICER JAMES FARRIS, OFFICER
JASON WHITE, OFFICER CHRISTOPHER
WIACEK, SERGEANT DAVID SPELLMAN,
HEATHER THIBODEAU, LINDSAY MARIE
MARACLE, KATHERINE CAROLINE
JOHNSTON, SHAWN MACQUILLAN,
EMILY LYNNE SZEWC, JENNIFER LYNN
TRAINOR, and ALLISON E. MARACLE,
in their individual and official capacities,
jointly and severally,

  Defendants.

Case No. 18-cv-12973-DML-EAS
Hon. David M. Lawson
Magistrate Judge Elizabeth A. Stafford

> DEFENDANTS, CITY OF FERNDALE,
> CHIEF TIMOTHY D. COLLINS,
> DETECTIVE JOHN THULL,
> OFFICER JAMES FARRIS, OFFICER
> JASON WHITE, OFFICER
> CHRISTOPHER WIACEK, SERGEANT
> DAVID SPELLMAN, AND HEATHER
> THIBODEAU'S, ANSWER TO
> VERIFIED COMPLAINT

---

**PAMELA M. SOSSI, PLLC**
By: Pamela M. Sossi (P75251)
*Attorneys for Plaintiff*
400 Monroe Street, Suite 280
Detroit, Michigan 48226
P: (313) 962-0000
F: (313) 962-0766
E: law@pamelasossi.com

**SEWARD HENDERSON PLLC**
By: T. Joseph Seward (P35095)
*Attorneys for Defendants, City of
Ferndale, Collins, Thull, Farris, White,
Wiacek, Spellman, and Thibodeau, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

### DEFENDANTS, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU'S, ANSWER TO VERIFIED COMPLAINT

NOW COME Defendants, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU, only, by and through their undersigned counsel, SEWARD HENDERSON PLLC, and for their Answer to Verified Complaint, state as follows:

### GENERAL ALLEGATIONS

1.　In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

2.　In answer to paragraph 2, Defendants admit the allegations contained therein.

3.　In answer to paragraph 3, Defendants acknowledge that in January of 2016 Timothy Collins was the Chief of the Ferndale Police

Department. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

4.     In answer to paragraph 4, Defendants admit that John Thull was a Ferndale police officer in January of 2016. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

5.     In answer to paragraph 5, Defendants admit that James Farris was a Ferndale police officer in January of 2016. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

6.     In answer to paragraph 6, Defendants admit that Jason White was a Ferndale police officer in January of 2016. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the

allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

7.     In answer to paragraph 7, Defendants admit that Christopher Wiacek was a Ferndale police officer in January of 2016. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

8.     In answer to paragraph 8, Defendants admit that David Spellman was a Ferndale police officer in January of 2016. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

9.     In answer to paragraph 9, Defendants deny the allegations contained therein for the reason that the same are untrue.

10.     In answer to paragraph 10, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon

which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

11.     In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

12.     In answer to paragraph 12, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

13.     In answer to paragraph 13, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

14.     In answer to paragraph 14, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

15.     In answer to paragraph 15, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

16.     In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

17.     In answer to paragraph 17, Defendants deny the allegations contained therein for the reason that the same are untrue.

18.     In answer to paragraph 18, Defendants deny that the Revised Judicature Act determines the proper location for jurisdiction and venue for this particular suit for the reason that said allegation is an incorrect statement of the law.

19.     In answer to paragraph 19, Defendants do not dispute that this court may address Plaintiff's alleged federal claims. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon

which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

20.    In answer to paragraph 20, Defendants deny the allegations contained therein for the reason that the same are untrue.

<u>STATEMENT OF FACTS</u>

21.    Defendants hereby incorporate by reference their answers to paragraphs 1 through 20 above.

22.    In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

23.    In answer to paragraph 23, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

24.    In answer to paragraph 24, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

25.    In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

26.    In answer to paragraph 26, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

27.    In answer to paragraph 27, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

28.    In answer to paragraph 28, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

29.    In answer to paragraph 29, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon

which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

30.   In answer to paragraph 30, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

31.   In answer to paragraph 31, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

32.   In answer to paragraph 32, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

33.   In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

34.    In answer to paragraph 34, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

35.    In answer to paragraph 35, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

36.    In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

37.    In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

38.    In answer to paragraph 38, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon

which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

39.    In answer to paragraph 39, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

40.    In answer to paragraph 40, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

41.    In answer to paragraph 41, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

42.    In answer to paragraph 42, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

43.     In answer to paragraph 43, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

44.     In answer to paragraph 44, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

45.     In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

46.     In answer to paragraph 46, Defendants admit the allegations contained therein.

47.     In answer to paragraph 47, and its subparagraphs (a) through (c), Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

48.     In answer to paragraph 48, Defendants acknowledge that the officers took written statements from the individual non-law enforcement Defendants. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

49.     In answer to paragraph 49, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

50.     In answer to paragraph 50, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

51.     In answer to paragraph 51, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

52.    In answer to paragraph 52, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

53.    In answer to paragraph 53, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

54.    In answer to paragraph 54, and its subparagraphs (a) through (b), Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

55.    In answer to paragraph 55, Defendants acknowledge that Plaintiff was asked his side of the incident. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

14

56.     In answer to paragraph 56, and its subparagraphs (i) through (iii), Defendants deny the allegations contained therein for the reason that the same are untrue.

57.     In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

58.     In answer to paragraph 58, Defendants deny the allegations contained therein for the reason that the same are untrue.

59.     In answer to paragraph 59, Defendants admit the allegations contained therein.

60.     In answer to paragraph 60, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

61.     In answer to paragraph 61, Defendants deny the allegations contained therein for the reason that the same are untrue.

62.     In answer to paragraph 62, Defendants deny the allegations contained therein for the reason that the same are untrue.

15

63.     In answer to paragraph 63, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

64.     In answer to paragraph 64, and its subparagraphs (a) through (b), Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

65.     In answer to paragraph 65, Defendants deny the allegations contained therein for the reason that the same are untrue.

66.     In answer to paragraph 66, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

67.     In answer to paragraph 67, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

68.     In answer to paragraph 68, and its subparagraphs a. through e., Defendants deny the allegations contained therein for the reason that the same are untrue.

69.     In answer to paragraph 69, Defendants deny the allegations contained therein for the reason that the same are untrue.

70.     In answer to paragraph 70, Defendants deny the allegations contained therein for the reason that the same are untrue.

71.     In answer to paragraph 71, Defendants deny the allegations contained therein for the reason that the same are untrue.

72.     In answer to paragraph 72, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

73.     In answer to paragraph 73, Defendants deny the allegations contained therein for the reason that the same are untrue.

74.     In answer to paragraph 74, Defendants deny the allegations contained therein for the reason that the same are untrue.

75.     In answer to paragraph 75, Defendants deny the allegations contained therein for the reason that the same are untrue.

76.    In answer to paragraph 76, Defendants deny the allegations contained therein for the reason that the same are untrue.

### COUNT I
### VIOLATION OF THE FOURTH AMENDMENT, 42 U.S.C. SECTION 1983, FALSE ARREST AND IMPRISONMENT
### (DEFENDANTS FERNDALE, COLLINS, THULL, FARRIS, WHITE, WIACEK, SPELLMAN AND THIBODEAU)

77.    Defendants hereby incorporate by reference their answers to paragraphs 1 through 76 above.

78.    In answer to paragraph 78, Defendants neither admit nor deny that Plaintiff had accurately and fully stated the rule of law regarding 42 U.S.C. § 1983.

79.    In answer to paragraph 79, Defendants deny the allegations contained therein for the reason that the same are untrue.

80.    In answer to paragraph 80, Defendants deny the allegations contained therein for the reason that the same are untrue.

81.    In answer to paragraph 81, Defendants deny the allegations contained therein for the reason that the same are untrue.

82.    In answer to paragraph 82, Defendants deny the allegations contained therein for the reason that the same are untrue.

83.     In answer to paragraph 83, Defendants deny the allegations contained therein for the reason that the same are untrue.

84.     In answer to paragraph 84, Defendants deny the allegations contained therein for the reason that the same are untrue.

85.     In answer to paragraph 85, Defendants deny the allegations contained therein for the reason that the same are untrue.

86.     In answer to paragraph 86, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

**COUNT II**
**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS, 42 U.S.C. SECTION 1983, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS, WRONGFUL DETENTION AND UNCONSTITUTIONAL CONDITIONS (DEFENDANTS FERNDALE, COLLINS, THULL, FARRIS, WHITE, WIACEK, SPELLMAN AND THIBODEAU)**

87.     Defendants hereby incorporate by reference their answers to paragraphs 1 through 86 above.

88.     In answer to paragraph 88, Defendants do not pose a response to this allegation for the reason it sets forth what appears to be a conclusion of law.

89.     In answer to paragraph 89, Defendants do not pose a response to this allegation for the reason it sets forth what appears to be a conclusion of law.

90.     In answer to paragraph 90, and its subparagraphs a. through e., Defendants deny the allegations contained therein for the reason that the same are untrue.

91.     In answer to paragraph 91, Defendants deny the allegations contained therein for the reason that the same are untrue.

92.     In answer to paragraph 92, Defendants deny the allegations contained therein for the reason that the same are untrue.

93.     In answer to paragraph 93, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

### COUNT III
### CIVIL CONSPIRACY TO VIOLATE PLAINTIFF'S
### CIVIL RIGHTS, 42 U.S.C. § 1983
### (DEFENDANTS FERNDALE, COLLINS, THULL, FARRIS, WHITE, WIACEK, SPELLMAN AND THIBODEAU)

94.     Defendants hereby incorporate by reference their answers to paragraphs 1 through 93 above.

95.     In answer to paragraph 95, and its subparagraphs a. through e., Defendants deny the allegations contained therein for the reason that the same are untrue.

96.     In answer to paragraph 96, Defendants deny the allegations contained therein for the reason that the same are untrue.

97.     In answer to paragraph 97, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

**COUNT IV**
**MALICIOUS PROSECUTION**
**(DEFENDANTS FERNDALE, COLLINS, THULL, FARRIS, WHITE, WIACEK, SPELLMAN AND THIBODEAU)**

99.     Defendants hereby incorporate by reference their answers to paragraphs 1 through 97 above.

100.    In answer to paragraph 100, Defendants deny the allegations contained therein for the reason that the same are untrue.

101.    In answer to paragraph 101, Defendants deny the allegations contained therein for the reason that the same are untrue.

102.   In answer to paragraph 102, Defendants deny the allegations contained therein for the reason that the same are untrue.

103.   In answer to paragraph 103, Defendants deny the allegations contained therein for the reason that the same are untrue.

104.   In answer to paragraph 104, Defendants deny the allegations contained therein for the reason that the same are untrue.

105.   In answer to paragraph 105, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

106.   In answer to paragraph 106, Defendants deny the allegations contained therein for the reason that the same are untrue.

107.   In answer to paragraph 107, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

## COUNT V
### CITY OF FERNDALE'S CONSTITUTIONAL VIOLATIONS
### (DEFENDANT FERNDALE)

108.   Defendants hereby incorporate by reference their answers to paragraphs 1 through 107 above.

109.   In answer to paragraph 109, no contest.

110.   In answer to paragraph 110, Defendants do not pose a response to this allegation for the reason it sets forth a conclusion of law.

111.   In answer to paragraph 111, Defendants deny the allegations contained therein for the reason that the same are untrue.

112.   In answer to paragraph 112, Defendants deny the allegations contained therein for the reason that the same are untrue.

113.   In answer to paragraph 113, and its subparagraphs a. through f., Defendants deny the allegations contained therein for the reason that the same are untrue.

114.   In answer to paragraph 114, Defendants deny the allegations contained therein for the reason that the same are untrue.

115.   In answer to paragraph 115, Defendants deny the allegations contained therein for the reason that the same are untrue.

116.   In answer to paragraph 116, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

## COUNT VI
### ASSAULT AND BATTERY
**(DEFENDANTS FARRIS, WHITE, WIACEK, LINDSAY MARACLE, JOHNSTON, MACQUILLAN, SZEWC, TRAINOR AND ALLISON MARACLE)**

117.   Defendants hereby incorporate by reference their answers to paragraphs 1 through 116 above.

118.   In answer to paragraph 118, Defendants deny the allegations contained therein for the reason that the same are untrue.

119.   In answer to paragraph 119, these Defendants deny the allegation that they threatened, conspired and/or caused Plaintiff to be threatened with involuntary unnecessary and/or unwanted physical contact for the reason that said allegation is untrue. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

24

120. In answer to paragraph 120, these Defendants deny the allegation that they intentionally caused imminent fear and apprehension of contact and harm to Plaintiff for the reason that said allegation is untrue. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

121. In answer to paragraph 121, these Defendants deny the allegation that they had the apparent present ability to accomplish the contact with Plaintiff, and did in fact make unpermitted contact with Plaintiff for the reason that said allegation is untrue. In answer to any remaining allegations contained therein, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

122. In answer to paragraph 122, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

123.   In answer to paragraph 123, Defendants deny the allegations contained therein for the reason that the same are untrue.

124.   In answer to paragraph 124, Defendants deny the allegations contained therein for the reason that the same are untrue.

125.   In answer to paragraph 125, Defendants deny the allegations contained therein for the reason that the same are untrue.

126.   In answer to paragraph 126, Defendants deny the allegations contained therein for the reason that the same are untrue.

127.   In answer to paragraph 127, Defendants deny the allegations contained therein for the reason that the same are untrue.

128.   In answer to paragraph 128, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

### COUNT VII
### FALSE ARREST/FALSE IMPRISONMENT
### (DEFENDANTS FERNDALE, COLLINS, THULL, FARRIS, WHITE, WIACEK, SPELLMAN AND THIBODEAU)

129.   Defendants hereby incorporate by reference their answers to paragraphs 1 through 128 above.

26

130.   In answer to paragraph 130, Defendants deny the allegations contained therein for the reason that the same are untrue.

131.   In answer to paragraph 131, Defendants deny the allegations contained therein for the reason that the same are untrue.

132.   In answer to paragraph 132, Defendants deny the allegations contained therein for the reason that the same are untrue.

133.   In answer to paragraph 133, Defendants deny the allegations contained therein for the reason that the same are untrue.

134.   In answer to paragraph 134, Defendants deny the allegations contained therein for the reason that the same are untrue.

135.   In answer to paragraph 135, Defendants deny the allegations contained therein for the reason that the same are untrue.

136.   In answer to paragraph 136, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

<u>C</u>OUNT <u>VIII</u>
<u>I</u>NTENTIONAL <u>I</u>NFLICTION OF <u>E</u>MOTIONAL <u>D</u>ISTRESS
(<u>A</u>LL <u>N</u>AMED <u>D</u>EFENDANTS)

137.   Defendants hereby incorporate by reference their answers to paragraphs 1 through 136 above.

138.   In answer to paragraph 138, Defendants deny the allegations contained therein for the reason that the same are untrue.

139.   In answer to paragraph 139, Defendants deny the allegations contained therein for the reason that the same are untrue.

140.   In answer to paragraph 140, Defendants deny the allegations contained therein for the reason that the same are untrue.

141.   In answer to paragraph 141, Defendants neither admit nor deny the allegations contained therein for want of sufficient information upon which to form a belief as to the truth of the averments and therefore leaves the Plaintiff to his proofs.

142.   In answer to paragraph 142, Defendants deny the allegations contained therein for the reason that the same are untrue.

143.   In answer to paragraph 143, Defendants deny the allegations contained therein for the reason that the same are untrue.

28

144.   In answer to paragraph 144, Defendants deny the allegations contained therein for the reason that the same are untrue.

145.   In answer to paragraph 145, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

## COUNT IX
## GROSS NEGLIGENCE
### (DEFENDANTS FERNDALE, COLLINS, THULL, FARRIS, WHITE, WIACEK, SPELLMAN AND THIBODEAU)

146.   Defendants hereby incorporate by reference their answers to paragraphs 1 through 145 above.

147.   In answer to paragraph 147, Defendants deny that Plaintiff has accurately and fully stated the applicable duties owed to the members of the public.

148.   In answer to paragraph 148, and its subparagraphs a. through e., Defendants deny the allegations contained therein for the reason that the same are untrue.

149.   In answer to paragraph 149, Defendants deny the allegations contained therein for the reason that the same are untrue.

29

150.   In answer to paragraph 150, Defendants deny the allegations contained therein for the reason that the same are untrue.

151.   In answer to paragraph 151, Defendants deny the allegations contained therein for the reason that the same are untrue.

WHEREFORE, Defendants pray for a Judgment of no cause of action, together with costs, interest and attorney fees so wrongfully sustained.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ T. Joseph Seward (P35095)
*Attorneys for Defendants, City of Ferndale,*
*Collins, Thull, Farris, White, Wiacek,*
*Spellman, and Thibodeau, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

Dated:   December 20, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DAVID EDWARD SHAW,

      Plaintiff,

v.

CITY OF FERNDALE, CHIEF TIMOTHY
D. COLLINS, DETECTIVE JOHN THULL,
OFFICER JAMES FARRIS, OFFICER
JASON WHITE, OFFICER CHRISTOPHER
WIACEK, SERGEANT DAVID SPELLMAN,
HEATHER THIBODEAU, LINDSAY MARIE
MARACLE, KATHERINE CAROLINE
JOHNSTON, SHAWN MACQUILLAN,
EMILY LYNNE SZEWC, JENNIFER LYNN
TRAINOR, and ALLISON E. MARACLE,
in their individual and official capacities,
jointly and severally,

      Defendants.

Case No. 18-cv-12973-DML-EAS
Hon. David M. Lawson
Magistrate Judge Elizabeth A. Stafford

> DEFENDANTS, CITY OF FERNDALE,
> CHIEF TIMOTHY D. COLLINS,
> DETECTIVE JOHN THULL,
> OFFICER JAMES FARRIS, OFFICER
> JASON WHITE, OFFICER
> CHRISTOPHER WIACEK, SERGEANT
> DAVID SPELLMAN, AND HEATHER
> THIBODEAU'S, RELIANCE UPON
> JURY DEMAND

---

| PAMELA M. SOSSI, PLLC | SEWARD HENDERSON PLLC |
|---|---|
| By: Pamela M. Sossi (P75251) | By: T. Joseph Seward (P35095) |
| *Attorneys for Plaintiff* | *Attorneys for Defendants, City of* |
| 400 Monroe Street, Suite 280 | *Ferndale, Collins, Thull, Farris, White,* |
| Detroit, Michigan 48226 | *Wiacek, Spellman, and Thibodeau, only* |
| P: (313) 962-0000 | 210 East 3rd Street, Suite 212 |
| F: (313) 962-0766 | Royal Oak, Michigan 48067 |
| E: law@pamelasossi.com | P: (248) 733-3580 |
| | F: (248) 733-3633 |
| | E: jseward@sewardhenderson.com |

**DEFENDANTS, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU'S, RELIANCE UPON JURY DEMAND**

NOW COME Defendants, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU, only, by and through their undersigned counsel, SEWARD HENDERSON PLLC, and hereby rely upon the Jury Demand, previously filed by Plaintiff in this matter.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/ T. Joseph Seward (P35095)
*Attorneys for Defendants, City of Ferndale,*
*Collins, Thull, Farris, White, Wiacek,*
*Spellman, and Thibodeau, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

Dated:   December 20, 2018

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EDWARD SHAW,

     Plaintiff,

v.

CITY OF FERNDALE, CHIEF TIMOTHY
D. COLLINS, DETECTIVE JOHN THULL,
OFFICER JAMES FARRIS, OFFICER
JASON WHITE, OFFICER CHRISTOPHER
WIACEK, SERGEANT DAVID SPELLMAN,
HEATHER THIBODEAU, LINDSAY MARIE
MARACLE, KATHERINE CAROLINE
JOHNSTON, SHAWN MACQUILLAN,
EMILY LYNNE SZEWC, JENNIFER LYNN
TRAINOR, and ALLISON E. MARACLE,
in their individual and official capacities,
jointly and severally,

     Defendants.

Case No. 18-cv-12973-DML-EAS
Hon. David M. Lawson
Magistrate Judge Elizabeth A. Stafford

DEFENDANTS, CITY OF FERNDALE,
CHIEF TIMOTHY D. COLLINS,
DETECTIVE JOHN THULL,
OFFICER JAMES FARRIS, OFFICER
JASON WHITE, OFFICER
CHRISTOPHER WIACEK, SERGEANT
DAVID SPELLMAN, AND HEATHER
THIBODEAU'S, AFFIRMATIVE
DEFENSES

---

PAMELA M. SOSSI, PLLC
By: Pamela M. Sossi (P75251)
*Attorneys for Plaintiff*
400 Monroe Street, Suite 280
Detroit, Michigan 48226
P: (313) 962-0000
F: (313) 962-0766
E: law@pamelasossi.com

SEWARD HENDERSON PLLC
By: T. Joseph Seward (P35095)
*Attorneys for Defendants, City of
Ferndale, Collins, Thull, Farris, White,
Wiacek, Spellman, and Thibodeau, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

### DEFENDANTS, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU'S, AFFIRMATIVE DEFENSES

NOW COME Defendants, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU, only, by and through their undersigned counsel, SEWARD HENDERSON PLLC, and for their Affirmative Defenses, state as follows:

1. That this matter is barred in whole or in part by the applicable statute of limitations.

2. That many of the individual Defendants did not have personal involvement in this matter, and as such, the claims against them must be dismissed.

3. That qualified immunity bars the claims against the individuals.

4. That governmental immunity bars the claims against these Defendants.

2

5. That Plaintiff cannot recover punitive damages against some or all of the Defendants.

6. That Plaintiff has adequate state remedies which bars the claims made herein.

7. That the officers had probable cause upon which to arrest Plaintiff, and as such, the claims herein must be dismissed.

8. That Plaintiff does not have an independent cause for malicious prosecution, and as such, the claims herein must be dismissed.

9. That the individual police officers made full disclosures to the prosecutorial arm of the criminal justice system, and as such, the claims herein must be dismissed.

10. That Chief Timothy Collins is entitled to absolute immunity, and the claims against him must be dismissed.

11. That the claims of gross negligence have no applicability to the facts pled in the complaint, and as such, those claims must be dismissed.

12. That the Intracorporate Conspiracy Doctrine bars some of the claims made herein.

Defendants reserve the right to list additional affirmative defenses.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

 /s/ T. Joseph Seward (P35095)
*Attorneys for Defendants, City of Ferndale,*
*Collins, Thull, Farris, White, Wiacek,*
*Spellman, and Thibodeau, only*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: jseward@sewardhenderson.com

Dated:   December 20, 2018

4

### PROOF OF SERVICE

I hereby certify that I electronically filed the foregoing, (1) **DEFENDANTS, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU'S, ANSWER TO VERIFIED COMPLAINT,** (2) **DEFENDANTS, DEFENDANTS, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU'S, RELIANCE ON JURY DEMAND,** (3) **DEFENDANTS, CITY OF FERNDALE, CHIEF TIMOTHY D. COLLINS, DETECTIVE JOHN THULL, OFFICER JAMES FARRIS, OFFICER JASON WHITE, OFFICER CHRISTOPHER WIACEK, SERGEANT DAVID SPELLMAN, AND HEATHER THIBODEAU'S, AFFIRMATIVE DEFENSES,** and **PROOF OF SERVICE**, with the Clerk of the Court, using the Court's ECF system, that will send notification to all counsel of record, on **December 20, 2018**.

 /s/ Stine Gandy
Stine Gandy, Legal Assistant
Seward Henderson PLLC
legal-asst@sewardhenderson.com

5