UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EDWARD SHAW,

        Plaintiff,                              Case Number 18-12973

v.                                                    Honorable David M. Lawson

CITY OF FERNDALE, OFFICER JAMES
FARRIS, OFFICER JASON WHITE,
OFFICER CHRISTOPHER WIACEK,
LINDSAY MARIE MARACLE, JENNIFER LYNN
TRAINOR, and ALLISON E. MARACLE,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Uber Technologies, Inc.'s motion for reconsideration of an order denying a motion by defendants Lindsay and Allison Maracle to file under seal a confidential agreement between Lindsay and Uber in support of their motion for summary judgment. Following a hearing on October 29, 2019, the Court granted Uber's request to intervene for the limited purpose of seeking reconsideration of the denial of the sealing motion. Because Uber has failed to identify any palpable error in the prior ruling, the motion for reconsideration will be denied.

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(3) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Uber contends that the Court made two errors in denying the defendants' motion to seal the confidential agreement. *First*, Uber argues that the Court failed to appreciate that the public interest in knowing the terms of the confidential agreement between two private parties is minimal. Uber relies on *Davis v. Alcoa*, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019), in which this Court sealed confidential settlement agreements because the "public interest in knowing the exact terms of the consideration exchanged by the parties," who were private individuals and entities, "[was] minimal." Uber contends that the same minimal public interest is present in this case, because the confidential agreement entered into between two private parties — Lindsay Maracle and Uber — did not involve a class action or any other claim involving the public interest.

However, Uber fails to appreciate that parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid.* (*quoting Brown*, 710 F.2d at 1181).

Although Uber is correct that the public interest in knowing the terms of a confidential agreement between two private parties may not be substantial in certain instances, its reliance on *Davis* is misplaced. *Davis* involved special circumstances concerning the welfare of a minor and impaired adult beneficiaries. *Davis*, 2016 WL 3346075, at *2. The plaintiffs in *Davis* articulated

a sufficiently compelling interest in maintaining the confidentiality of the settlement terms because the beneficiaries of the agreement could have been subjected to exploitation if persons not involved in their care became aware of the magnitude of the settlement proceeds allotted to them. *Davis*, 2016 WL 3346075, at *1. And the Court's evaluation of the propriety of the settlement agreement in that case could have been assessed by the public without information about the amounts paid to the two vulnerable beneficiaries. In this case, the settlement agreement apparently plays an important role in the Maracles' liability challenge. And Uber's justifications for sealing the settlement agreement — "the need to advance its business interest in a competitive field"; and concerns that the information "could be exploited by others seeking financial gain from the company" — are vague and non-specific. Uber has not explained how the publication of the settlement terms could expose the company to any competitive business practices or exploitation. Uber, in fact, has acknowledged that the "two situations are not completely comparable."

*Second*, Uber argues that balancing the minimal public interest against its private interest demonstrates that the private interest should prevail in this case. Uber explains that it is an innocent third party, and "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Davis*, 2016 WL 3346075, at *1 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

But when considering both sides of the balance, Uber has not addressed what courts "have long recognized": "a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179; *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid*. (quoting *Knoxville News*, 723 F.2d at 476). And, "even

where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Ibid*. (citing *Press-Enterprise Co. v. Super. Ct. of Cal*., 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305-06 (quoting *Baxter*, 297 F.3d at 548). Uber is not equal to that task here.

As noted above, Uber's privacy interests here are ill-defined, and therefore they do not carry much weight. It insists that leaving the record open to the public will not advance the policy considerations generally fostered by the presumption of public access. *See George v. Bdeir*, 2016 WL 6777858, at *1 (E.D. Mich. Nov 16, 2016). But that is not the case, either. Judicial records "are presumptively open to the public" because maintaining their accessibility serves important purposes. *Ibid*. In this case, the Maracles contend that the settlement agreement plays a role in the determination of whether the plaintiff has established a material fact question on the elements of his claims. In assessing the Court's eventual decision on that question, interested members of the public ought to have access to the same information the Court considered.

There are several reasons for this. "First, public trials play an important role as outlets for 'community concern, hostility, and emotions.'" *Ibid.* (quoting *Brown* 710 F.2d at 1178-79). When the public perceives judicial decisions as just, community members are "less likely to act as self-appointed law enforcers or vigilantes." *Ibid.* "Second, public access provides a check on the courts" by enabling the public to analyze and critique decisions. *Ibid.* Finally, open access to judicial proceedings "promote[s] 'true and accurate fact finding.'" *Ibid*. (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596 (1980)).

Last, like the Maracle defendants, Uber cites *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979 (6th Cir. 2003), for the proposition that "any communications made in furtherance of settlement are privileged." 332 F.3d at 983. But, as this Court explained in the order denying the defendants' motion to seal, that case does not furnish any support for the notion that the results of settlement agreements, which are the subject of the Court's concern in this instance, categorically ought to be sealed. In the *Goodyear* case, the court of appeals relied principally on Federal Rule of Evidence 408, which expressly prohibits the admission into evidence of *statements* made during settlement negotiations, noting that the rule was intended to encourage parties to litigation to engage in expansive and unfettered dialogue about their interests while attempting to reach a private resolution of their dispute. In this case, it does not appear that the settlement agreement the Maracles want to file contains any verbatim record of the parties' communications during their negotiations; instead, it only reflects the terms of the consideration that was agreed upon at the end of those negotiations. The evidentiary privilege shielding dialogue that may have occurred during the negotiations does not support any rationale for sealing the final terms of a concluded settlement. Uber fails to overcome the presumption that court filings are open to public inspection.

Uber has not pointed to any palpable defect that misled the Court and would result in a different determination on the denial of the Maracle defendants' motion to seal.

Accordingly, it is **ORDERED** that Uber Technologies, Inc.'s motion for reconsideration (ECF No. 111) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: November 5, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 5, 2019.

                           s/Susan K. Pinkowski
                           SUSAN K. PINKOWSKI